```
              UNITED STATES DISTRICT COURT
                 DISTRICT OF NEW JERSEY


                              :
NESTOR RAMOS,                 :
                              :
       Petitioner,            :   CIVIL NO:06-47(JCL)
                              :
                              :
    v.                        :   MEMORANDUM AND ORDER
                              :
UNITED STATES OF AMERICA      :
                              :
       Respondent.            :
_____
```

**LIFLAND, District Judge**

The government moves to dismiss petitioner's Motion filed under 28 U.S.C. § 2255 and 18 U.S.C. 3582(c)(1)(B) on two grounds: first, that the petition was filed after the time permitted by statute, and second, that the relief sought is based upon the Supreme Court's opinion in <u>Booker v. United States</u>, which is not applicable to cases that became final before it was issued, and petitioner's conviction became final before the <u>Booker</u> opinion was issued.

Petitioner pleaded guilty to both counts of a Superseding Indictment on November 26, 2002.

On April 29, 2003, petitioner was sentenced to 280 months' incarceration on both counts to be served concurrently. Petitioner did not appeal the conviction or sentence and filed

1

the present motion to vacate the sentence on January 5, 2006.

The Anti-Terrorism and Effective Death Penalty Act of 1996, Pub. L. 104-132, Tit. I, 110 Stat. 1217 ("AEDPA"), took effect in April, 1996. Under its terms, a defendant has one year within which to file a request for relief under Section 2255. 28 U.S.C. § 2255 (paragraph 6). The one-year period runs from the latest of four specified events:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Id.

In this case, only the first triggering event in the statute is applicable. Petitioner does not argue that governmental action has impeded him in filing this motion, nor does he argue that facts have been recently discovered that would support his motion.  Petitioner does argue that the Supreme Court has recognized a new right, that is retroactively applicable to

his case on collateral review. As discussed below, no new right asserted by petitioner has been recognized by the Supreme Court and made retroactively applicable to cases on collateral review by any Court. Thus, the one-year time limit began to run on the date that petitioner's judgment of conviction became final.

In the absence of a direct appeal from a conviction, the conviction becomes final when the time for filing a notice of appeal expires.  Pursuant to Rule 4(b)(1)(A) of the Federal Rules of Appellate Procedure, petitioner had 10 days after the entry of the Judgment to file a notice of appeal in the District Court. Petitioner's Judgment was filed on May 1, 2003.  Therefore, petitioner had until May 12, 2003 to file a notice of appeal.[1] Petitioner did not file such a notice and, as such, his conviction became final on May 12, 2003. Accordingly, the statute of limitations ran one year after that, on May 12, 2004.  The instant petition was not filed until January 5, 2006. It is therefore untimely and must be dismissed.

Petitioner relies on United States v. Booker, 543 U.S. 220, 125 S. Ct. 738 (2005). Petitioner cannot raise such a claim because the Court of Appeals for the Third Circuit has held that Booker is not applicable to petitioners whose convictions had become final before Booker was decided.

In Lloyd v. United States, 407 F.3d 608 (3d Cir. 2005),

---

[1] May 11, 2003 was a Sunday.

3

the Court of Appeals for the Third Circuit held that Booker announced "a new rule of criminal procedure for purposes of Teague." Lloyd, 407 F.3d at 612-13 (citing Teague v. Lane, 489 U.S. 288 (1989)). Under Teague, "a new rule of criminal procedure 'will not be applicable to those cases which have become final before the new [rule is] announced.'" Lloyd, 407 F.3d at 611 (quoting Teague, 489 U.S. at 310).

The Court of Appeals for the Third Circuit also held that Booker's rule does not fall within Teague's narrow exception for "'watershed rules of criminal procedure implicating the fundamental fairness and accuracy of the criminal proceeding.'" Lloyd, 407 F.3d at 613-16 (citation omitted). The Court of Appeals emphasized:

> [I]n the opinion authored by Justice Breyer, the unconstitutionality of the Guidelines was remedied by excising the provision, at 18 U.S.C. § 3553(b)(1), that made their application mandatory. See Booker, 543 U.S. at ----, 125 S. Ct. at 756-757. By creating an advisory federal sentencing regime, the Booker Court did not announce a new rule of criminal procedure that significantly increases the "certitude" or "accuracy" of the sentencing process . . . because defendants' sentences "would be determined in the same way if they were sentenced today; the only change would be the degree of flexibility judges would enjoy in applying the guideline system."

Lloyd, 407 F.3d at 615 (citations omitted)(quoting McReynolds v. United States, 397 F.3d 479, 481 (7th Cir. 2005)).

4

The Court of Appeals for the Third Circuit concluded in Lloyd that "[b]ecause Booker announced a rule that is 'new' and 'procedural,' but not 'watershed,' Booker does not apply retroactively to initial motions under section 2255 where the judgment was final as of January 12, 2005, the date Booker issued." Lloyd, 407 F.3d at 615-16. The Court of Appeals affirmed the District Court's order dismissing Lloyd's section 2255 motion. Id. at 616.

Petitioner's conviction was final on May 12, 2003, which was more than one year before January 12, 2005, when the Booker opinion was issued. Petitioner's section 2255 petition raises a claim under Booker, and Booker does not apply retroactively. Accordingly, this Court must dismiss his petition.

Petitioner has filed a separate motion seeking appointment of counsel to assist with the instant motion.  If the interests of justice so require, the Court may appoint counsel to a § 2255 petitioner. 18 U.S.C. § 3006A(a)(2)(B); 28 U.S.C. § 2255. Petitioner has not articulated how counsel could explain his failure to bring the petition within the time limits of the statute.  As such, the appointment of counsel in this case would not be in the interests of justice. Therefore, the Court will deny petitioner's request for appointment of counsel.

Accordingly, it is on this 9th day of August 2006 ORDERED that the petition filed under 18 U.S.C. § 3582(c)(1)(B) and 28

U.S.C § 2255 is dismissed as untimely, and it is

    FURTHER ORDERED that petitioner's request for the appointment of counsel is denied.

    A certificate of good cause for appeal shall not issue.

                                             s/John C. Lifland
                                             _____
                                             JOHN C. LIFLAND
                                             U.S. District Judge